# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

|  |  |
|---|---|
| **Federal Trade Commission,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **LifeLock, Inc.** ) | |
| **a corporation; Robert J. Maynard, Jr.,** ) | **Civil No.** |
| **individually and as an officer of LifeLock,** ) | |
| **Inc.; and** ) | **STIPULATED FINAL JUDGMENT AND** |
| **Richard Todd Davis,** ) | **ORDER FOR PERMANENT** |
| **individually and as an officer of** ) | **INJUNCTION AND OTHER** |
| **LifeLock, Inc.,** ) | **EQUITABLE RELIEF AS TO** |
| ) | **DEFENDANT MAYNARD** |
| **Defendants.** ) | |
| ) | |

## STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANT MAYNARD

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), has concurrently

filed its Complaint, which alleges that Defendants LifeLock, Inc. ("LifeLock"), Robert J.

Maynard, Jr. ("Maynard"), and Richard Todd Davis ("Davis") have engaged in violations of

Section 5 of the FTC Act, 15 U.S.C. § 45. The Commission and Defendant Maynard ("Settling

Defendant") have agreed to the entry of this Stipulated Final Judgment and Order for Permanent

Injunction and Other Equitable Relief ("Order") to resolve all matters in dispute in this action

without trial or adjudication of any issue of law or fact herein and without Settling Defendant

admitting the truth of, or liability for, any of the matters alleged in the Complaint. Settling

Defendant has waived service of the Summons and Complaint.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1.     This Court has jurisdiction over the subject matter of this case and over Settling Defendant Maynard.

2.     Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b).

3.     The acts and practices of Settling Defendant are in or affecting commerce, as "commerce" is defined in Section 4 of the Federal Trade Commission Act, 15 U.S.C. § 44.

4.     The Complaint states claims upon which relief may be granted against Settling Defendant under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b).

5.     Settling Defendant makes no admission to the allegations in the Complaint, other than the jurisdictional facts.

6.     Settling Defendant waives:  (a) all rights to seek appellate review or otherwise challenge or contest the validity of this Order; (b) any claim he may have against the Commission, its employees, representatives, or agents that relate to the matter stated herein; (c) all claims under the Equal Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (d) any rights to attorneys' fees that may arise under said provision of law.

7.     Settling Defendant has entered into this Order freely and without coercion, and he acknowledges that he has read the provisions of this Order and is prepared to abide by them.

8.     Entry of this Order is in the public interest.

## DEFINITIONS

1.     "Settling Defendant" shall mean Robert J. Maynard Jr.

2.     "Personal information" shall mean individually identifiable information from or about an individual consumer including, but not limited to:  (a) a first and last name; (b) a home or other physical address, including street name and name of city or town; (c) an email address or other online contact information, such as an instant messaging user identifier or a screen name, that reveals an individual's email address; (d) a telephone number; (e) a Social Security number; (f) credit or debit card information, including card number, expiration date, and/or data stored on the magnetic strip of a credit or debit card; (g) checking account information, including the ABA routing number, account number, and/or check number; (h) a driver's license, military, or state identification number; (i) a persistent identifier, such as a customer number held in a "cookie" or processor serial number, that is combined with other available data that identifies an individual consumer; or (j) any information that is combined with any of (a) through (i) above.

## ORDER

## I.   PROHIBITED BUSINESS ACTIVITIES

**IT IS ORDERED** that Settling Defendant and his officers, agents, servants, and employees and all persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, or other entity, are hereby permanently restrained and enjoined from:

A.     in connection with the advertising, distributing, promoting, offering for sale, or sale of any product, service, or program designed for the purpose of preventing, mitigating, or recovering from any form of identity theft as defined in 18 U.S.C. § 1028, misrepresenting in any manner, expressly or by implication:

1.      that such product, service, or program provides complete protection against all forms of identity theft by making customers' personal information useless to identity thieves;

2.      that such product, service, or program prevents unauthorized changes to customers' address information;

3.      that such product, service, or program constantly monitors activity on each of its customers' consumer reports;

4.      that such product, service, or program ensures that a customer will always receive a phone call from a potential creditor before a new credit account is opened in the customer's name;

5.      the means, methods, procedures, effects, effectiveness, coverage, or scope of such product, service, or program;

6.      the risk of identity theft to consumers;

7.      whether a particular consumer has become or is likely to become a victim of identity theft; and/or

8.      the opinions, beliefs, findings, or experiences of an individual or group of consumers related in any way to any such product, service, or program.

Such products, services, or programs include, but are not limited to, the placement of fraud alerts on behalf of consumers, searching the internet for consumers' personal data, monitoring commercial transactions for consumers' personal data, identity theft protection for minors, and guarantees of any such products, services, or programs.

     B.      misrepresenting in any manner, expressly or by implication, the manner or extent to which they maintain and protect the privacy, confidentiality, or security of any personal

information collected from or about consumers.

## II.  INFORMATION SECURITY PROGRAM

**IT IS FURTHER ORDERED** that any business entity that Settling Defendant controls, directly or indirectly, which collects, maintains, or stores personal information from or about consumers, shall, upon operation of this business, establish and implement, and thereafter maintain, a comprehensive information security program that is designed to protect the security, confidentiality, and integrity of personal information collected from or about consumers.  Such program, the content and implementation of which must be fully documented in writing, shall contain administrative, technical, and physical safeguards appropriate to the entity's size and complexity, the nature and scope of the entity's activities, and the sensitivity of the personal information collected from or about consumers, including:

      A.      the designation of an employee or employees to coordinate and be accountable for the information security program;

      B.      the identification of material internal and external risks to the security, confidentiality, and integrity of personal information that could result in the unauthorized disclosure, misuse, loss, alteration, destruction, or other compromise of such information, and assessment of the sufficiency of any safeguards in place to control these risks.  At a minimum, this risk assessment should include consideration of risks in each area of relevant operation, including, but not limited to, (1) employee training and management, (2) information systems, including network and software design, information processing, storage, transmission, and disposal, and (3) prevention, detection, and response to attacks, intrusions, or other systems failure;

      C.      the design and implementation of reasonable safeguards to control the risks

identified through risk assessment, and regular testing or monitoring of the effectiveness of the safeguards' key controls, system, and procedures;

      D.     the development and use of reasonable steps to retain service providers capable of appropriately safeguarding personal information received from Settling Defendant and requiring service providers by contract to implement and maintain appropriate safeguards; and

      E.     the evaluation and adjustment of Settling Defendant's information security program in light of the results of the testing and monitoring required by Subsection C of this Section, any material changes to Settling Defendant's operations or business arrangements, or any other circumstances that Settling Defendant knows or has reason to know may have a material impact on the effectiveness of their information security program.

### III.   BIENNIAL ASSESSMENT REQUIREMENTS

      A.     **IT IS FURTHER ORDERED** that any business entity that Settling Defendant controls, directly or indirectly, which collects, maintains, or stores personal information from or about consumers, shall, in connection with their compliance with Section II of this Order, obtain initial and biennial assessments and reports ("Assessments") from a qualified, objective, independent third-party professional, who uses procedures and standards generally accepted in the profession.  The reporting period for the Assessments shall cover:  (1) the first one hundred eighty days after service of the Order for the initial Assessment; and (2) each two (2) year period thereafter for twenty (20) years after service of the Order for the biennial Assessments.  Each Assessment shall:

      1.     set forth the specific administrative, technical, and physical safeguards implemented and maintained during the reporting period;

      2.     explain how such safeguards are appropriate to the business entity's size

and complexity, the nature and scope of the business entity's activities, and the sensitivity of the personal information collected from or about consumers;

        3.     explain how the safeguards that have been implemented meet or exceed the protections required by Section II of this Order; and

        4.     certify that the business entity's security program is operating with sufficient effectiveness to provide reasonable assurance that the security, confidentiality, and integrity of personal information is protected and has so operated throughout the reporting period.

    B.     Each Assessment shall be prepared and completed within sixty (60) days after the end of the reporting period to which the Assessment applies by a person qualified as a Certified Information System Security Professional (CISSP) or as a Certified Information Systems Auditor (CISA); a person holding Global Information Assurance Certification (GIAC) from the SysAdmin, Audit, Network, Security (SANS) Institute; or a similarly qualified person or organization approved by the Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, Washington, D.C. 20580.

    C.     Settling Defendant shall provide the initial Assessment within ten (10) days after the Assessment has been prepared.  All subsequent biennial Assessments shall be retained by Settling Defendant until the Order is terminated and provided to the Commission within ten (10) days of request.

## IV.  MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

    A.     Judgment in the amount of $35,000,000.00 is hereby entered jointly and severally against Settling Defendant, Defendant LifeLock, Inc., and Defendant Richard Todd Davis.  Full

payment for the foregoing judgment is suspended subject to the provisions of the Section titled "Right to Reopen as to Monetary Judgment."

B.      All funds paid to or received by the Commission shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress and any attendant expenses for the administration of any redress fund.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such equitable relief (including consumer information remedies), as it determines to be reasonably related to Settling Defendant's practices as alleged in the Complaint.  Any funds not used for such equitable relief will be deposited with the United States Treasury as disgorgement.  Settling Defendant shall have no right to challenge the Commission's choice of remedies under this Section.  Settling Defendant shall have no right to contest the manner of distribution chosen by the Commission.

C.      Settling Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Settling Defendant shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

D.      Settling Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case.  Settling Defendant further stipulates and agrees that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to, and that this Order shall have collateral estoppel effect for purposes of Section 523(a)(2)(A) of the Bankruptcy

Code, 11 U.S.C. § 523(a)(2)(A)

## V.  RIGHT TO REOPEN AS TO MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that the Commission's agreement to this Order is expressly premised upon the truthfulness, accuracy and completeness of Settling Defendant's sworn financial statements and supporting documents submitted to the Commission, which include material information upon which the Commission relied in negotiating and agreeing to this Order.  If, upon motion by the Commission, this Court finds that Settling Defendant has failed to disclose any material asset, or materially misstated the value of any asset in the financial statements and information submitted to the Commission, or has made any other material misstatement or omission in the financial statements and related documents described above, then this Order shall be reopened and suspension of the judgment against the Settling Defendant shall be lifted for the purpose of requiring payment in the full amount of the judgment ($35,000,000) less payments made by Defendant LifeLock, Inc., and Defendant Richard Todd Davis.  Provided, however, that in all other respects this Order shall remain in full force and effect, unless otherwise ordered by the Court.

## VI.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Order, and (ii) investigating the accuracy of Settling Defendant's financial statements upon which the Commission's agreement to this Order is expressly premised:

A.       Within ten (10) days of receipt of written notice from a representative of the Commission, Settling Defendant shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying;

appear for deposition; and provide entry during normal business hours to any business location in Settling Defendant's possession or direct or indirect control to inspect the business operation;

     B.     In addition, the Commission is authorized to use all other lawful means, including but not limited to:

          1.     obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

          2.     posing as consumers and suppliers to Settling Defendant, his employees, or any other entity managed or controlled in whole or in part by Settling Defendant, without the necessity of identification of prior notice; and

     C.     Settling Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

     ***Provided however***, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. § § 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VII.   COMPLIANCE REPORTING

     **IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

     A.     For a period of three (3) years from the date of entry of this Order,

          1.     Settling Defendant shall notify the Commission of the following:

  a.  Any changes in Settling Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of the change;

  b.  Any changes in Settling Defendant's employment status (including self-employment), and any change in Settling Defendant's ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Settling Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of Settling Defendant's duties and responsibilities in connection with the business or employment; and

  c.  Any changes in Settling Defendant's name or use of any aliases or fictitious names.

  2.  Settling Defendant shall notify the Commission of any changes in business entity that Settling Defendant directly or indirectly controls, or has ownership interest in, that may affect compliance obligations under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the business entity which Settling Defendant learns less than thirty (30) days prior to the date such action is to take place, Settling Defendant shall notify the Commission as soon as practicable after obtaining such

knowledge.

B.      One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of three (3) years, Settling Defendant shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Order.  This report shall include, but not be limited to:

1.      Settling Defendant's then-current residence address, mailing address, and telephone numbers;

2.      Settling Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that Settling Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of Settling Defendant's duties and responsibilities in connection with the business or employment;

3.      A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

4.      Any other changes required to be reported under Subsection A of this Section.

C.      Settling Defendant shall notify the Commission of the filing of a bankruptcy petition by Settling Defendant within fifteen (15) days of filing.

D.      For the purposes of this Order, Settling Defendant shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

Associate Director for Enforcement

Federal Trade Commission
600 Pennsylvania Avenue, N.W., Room NJ-2122
Washington, D.C. 20580
RE: FTC v. LifeLock, Inc.

*Provided* that, in lieu of overnight courier, Settling Defendant may send such reports or notifications by first-class mail, but only if Settling Defendant contemporaneously send an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

E.      For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Settling Defendant.

## VIII.   RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that Settling Defendant for any business for which he is the majority owner or directly or indirectly controls, which collects, maintains, or stores personal information from or about consumers, is hereby restrained and enjoined from failing to create and retain the following records for the following periods:

A.      For a period of six (6) years from the date of entry of this Order:

  1.      Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

  2.      Personnel records accurately reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

  3.      Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of

items or services purchased, to the extent such information is obtained in the ordinary course of business;

4. Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

5. Copies of all sales scripts, training materials, advertisements, or other marketing materials;

6. Any documents, whether prepared by or on behalf of Settling Defendant, that contradict, qualify, or call into question Settling Defendant's compliance with Sections I, II, and III of this Order; and

7. All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting;"

B. For a period of three (3) years after the date of preparation of each Assessment required under the Section titled "Biennial Assessment Requirements": All materials relied upon to prepare the Assessment, whether prepared by or on behalf of any Settling Defendant, including but not limited to all plans, reports, studies, reviews, audits, audit trails, policies, training materials, and assessments, and any other materials relating to Settling Defendant's compliance with the Section titled "Biennial Assessment Requirements."

## IX.  DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that for a period of three (3) years from the date of entry of this Order, Settling Defendant shall deliver copies of the Order as directed below:

A.      Settling Defendant as Control Person:  For any business that Settling Defendant controls, directly or indirectly, or in which Settling Defendant has a majority ownership interest, Settling Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Order upon Settling Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.      Settling Defendant as employee or non-control person:  For any business where Settling Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, Settling Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

C.      Settling Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## X.  ACKNOWLEDGMENT OF RECEIPT OF THIS ORDER

**IT IS FURTHER ORDERED** that Settling Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn

statement acknowledging receipt of this Order.

## XI.  COOPERATION WITH COMMISSION COUNSEL

**IT IS FURTHER ORDERED** that the Settling Defendant shall, in connection with this action or any subsequent investigation related to or associated with the transaction or the occurrences that are the subject of the Complaint, cooperate in good faith with the Commission and appear at such places and times as the Commission shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the Commission.  If requested in writing by the Commission, the Settling Defendant shall appear or cause his officers, employees, representatives or agents to appear, and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

## XII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

## XIII.  COSTS AND ATTORNEYS' FEES

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorneys' fees incurred in connection with this action.

### XIV.  NOTICE OF ENTRY OF ORDER

**IT IS FURTHER ORDERED** that entry in the docket of this Order by the Clerk of Court shall constitute notice to Settling Defendant of the terms and conditions of this Order, and that Settling Defendant waives all rights to contest in any future proceeding whether Settling Defendant was properly served with this Order.

The parties hereby stipulate to the entry of the foregoing Order, which shall constitute a final Order in this action.

**IT IS SO ORDERED:**

**STIPULATED AND AGREED TO BY:**

**FOR DEFENDANT ROBERT J. MAYNARD, JR.:**


Robert J. Maynard, Jr.

David Medine
Wilmer Hale
Counsel for Robert J. Maynard, Jr.
1875 Pennsylvania Avenue NW
Washington, D.C. 20006
(202) 663-6220
david.medine@wilmerhale.com
jennifer.o'connor@wilmerhale.com

STIPULATED AND AGREED TO BY:

FOR DEFENDANT ROBERT J. MAYNARD, JR.:

_____          *David Medine*

Robert J. Maynard, Jr.                    David Medine
                                          Wilmer Hale
                                          Counsel for Robert J. Maynard, Jr.
                                          1875 Pennsylvania Avenue NW
                                          Washington, D.C. 20006
                                          (202) 663-6220
                                          david.medine@wilmerhale.com
                                          jennifer.o'connor@wilmerhale.com

**FOR PLAINTIFF FEDERAL TRADE COMMISSION**

Willard K. Tom

General Counsel

Maneesha Mithal

Associate Director

Division of Privacy and Identity Protection

David Lincicum

Burke Kappler

Federal Trade Commission

600 Pennsylvania Avenue, NW

Mail Stop NJ-8122

Washington, DC 20580

(202) 326-3224 (general)

(202) 326-2773 (Lincicum)

(202) 326-3768 (facsimile)

dlincicum@ftc.gov