**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| IN RE LIFELOCK, INC., MARKETING AND SALES PRACTICES LITIGATION | ) ) MDL Docket No. 08-1977-PHX-MHM ) ) ) **PRELIMINARY APPROVAL ORDER** ) ) ) ) ) ) |

Currently pending before the Court are the Parties' Joint Motion for Preliminary Approval of Class Action Settlement, Approval of Class Notice, and Conditional Certification of a Settlement Class, (Dkt.#146), and Joint Motion to Transfer <u>Fed. Trade Comm'n v. LifeLock, Inc.</u>, CV-10-0530-PHX-NVW to this Court. (Dkt.#141).

With respect to the Parties' Joint Motion to Transfer, **IT IS HEREBY ORDERED** granting the Motion on the grounds that the FTC Action is related to multidistrict litigation case styled as <u>In re LifeLock, Inc.</u>, MDL Docket No. 08-01977-PHX-MHM. (Dkt.#141.) These two actions are inextricably related on the following bases: (1) they arise out of a similar series of transactions and events, (2) they involve common questions of law and fact, and (3) transfer of these cases to the same judge will avoid unnecessary costs and prevent substantial duplication of labor.

With respect to the Parties' Joint Motion for Preliminary Approval of Class Action Settlement, Approval of Class Notice, and Conditional Certification of a Settlement Class, **IT IS HEREBY ORDERED** granting the Motion as follows. (Dkt.#146).

The PARTIES, acting through their counsel, subject to Court approval following notice to the SETTLEMENT CLASS and a hearing, have agreed to settle the matters consolidated in these proceedings, as set forth in the settlement agreement attached hereto as Exhibit A (the "AGREEMENT"). The PARTIES' unopposed Joint Motion for Preliminary Approval of Class Action Settlement, Approval of Class Notice, and Conditional Certification of a Settlement Class (the "Motion") was presented on April 12, 2010, before this Court. Having considered the papers and the arguments of counsel, the Court orders the following:

1. All of the definitions contained in the AGREEMENT shall apply to this Order and are incorporated by reference as if fully set forth herein.

2. The Motion is GRANTED. The AGREEMENT is preliminarily approved by the Court as fair, adequate, reasonable, and in the best interests of the putative class members. The Court hereby conditionally certifies for settlement purposes only and for no other purposes, the following Class:

SETTLEMENT CLASS: All persons in the United States who are current or past subscribers of LIFELOCK's identity theft protection services. Excluded from the Class are employees, officers and directors of LIFELOCK; any judge or employee of any court assigned to work on the MDL PROCEEDINGS, the RELATED STATE COURT ACTIONS and the UNDERLYING ACTIONS; and PLAINTIFFS' and LIFELOCK's attorneys and staff.

3. The Court conditionally and preliminarily finds that this action satisfies the requirements for class action approval under Federal Rule of Civil Procedure ("Rule") 23(a) and (b)(2). In support of this ruling, and for purposes of this Rule 23(b)(2) settlement, the Court conditionally and preliminarily finds that the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

the representative parties will fairly and adequately protect the interests of the class. The Court further conditionally and preliminarily finds that LIFELOCK has acted on grounds that apply generally to the class so that final injunctive relief is appropriate respecting the SETTLEMENT CLASS as a whole.

4. The Court approves and appoints as Plaintiffs' CLASS COUNSEL the following:

> Robert B. Carey
> Leonard W. Aragon
> Hagens Berman Sobol Shapiro LLP
> 11 W. Jefferson St., Ste 1000
> Phoenix, AZ 85003

5. The Court approves and appoints as class representatives Plaintiffs Melvyn Blake, Alva Blake, Franco Vega, Byrl Lane, and Jason Sbalcio.

6. The PARTIES have agreed to provide individual notice to all CLASS MEMBERS by electronic or first class mail, as well as publication notice via a dedicated Internet settlement website and a hyperlink that will reside on LIFELOCK's website home page. The PARTIES have also agreed that CLASS MEMBERS may exclude themselves from the settlement. The Court acknowledges that a Rule 23(b)(2) class may be certified on a mandatory basis, i.e., without the right to opt out, and without receipt of notice of the settlement. Here, the AGREEMENT provides for notice and opt-out rights and thus ensures ample protection of CLASS MEMBERS' due process rights. Indeed, the Court finds that the proposed notice plan is the appropriate and the best practicable notice under the circumstances and adequately informs the CLASS MEMBERS regarding the terms of the proposed settlement. See, e.g., Rodriguez v. West Pub. Corp., 563 F.3d 948, 962 (9th Cir. 2009) ("Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'") (quoting Churchill Vill., LLC v. Gen. Elec., 361 F.3d 566, 575 (9th Cir. 2004) and Mendoza v. Tucson Sch. Dist. No. 1, 623 F.2d 1338, 1352 (9th Cir. 1980)). The Court further finds that the time period provided in the AGREEMENT for CLASS MEMBERS to object or request exclusion - eight (8) weeks after notice is initially provided - is sufficient

and complies with the requirements of due process. Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993) (settlement providing for twenty-six (26) days to opt-out adequate; settlement providing for thirty-one (31) days to object adequate). Accordingly, the Court hereby directs that notice be given in the form and manner proposed in the AGREEMENT, as set forth below.

7. The Court further finds that the settlement recited in the AGREEMENT falls within the range of settlements qualified for judicial approval and warrants the dissemination of notice to CLASS MEMBERS. The Court's finding is based upon its analysis of the relevant facts presented in the PARTIES' joint motion and considered the six factors expressly enunciated by the Ninth Circuit as relevant to the fairness determination at the preliminary approval stage: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the consideration offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; and (6) the experience and views of counsel. Molski v. Gleich, 318 F.3d 937, 953 (9th Cir. 2003).

    a. The strength of plaintiffs' case. The Court has pending before it LIFELOCK'S Motion for Judgment on the Pleadings and PLAINTIFFS' Motion Regarding Choice of Law. Based on these motions, and all other pleadings before it, the Court notes that nothing suggests that PLAINTIFFS' claims are either so weak or so strong as to preclude the proposed settlement. The two pending motions independently have the potential to significantly impact the ultimate resolution on the merits, and thus the Court concludes that this factor strongly favors granting preliminary approval of the proposed settlement.

    b. The risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial, the extent of discovery completed, and the stage of the proceedings The Court finds that the following facts satisfy the second, third and fifth fairness factors. This litigation has proceeded in the MDL PROCEEDING and RELATED STATE COURT ACTIONS for more than two years with significant efforts and expenses by the PARTIES. Depositions of many of the named

plaintiffs have been completed and extensive discovery has been exchanged on an informal basis. Dispositive motions have been filed and fully briefed and are under consideration by this Court. There is no doubt that further litigation would be expensive, complex, time consuming and that this Court and multiple state courts would be required to resolve difficult and complicated issues of state and federal law relevant to both the propriety of class certification as well as ultimate liability and damages issues. The mature status of these cases, the anticipated cost of continued litigation, and the uncertainty regarding their ultimate outcome strongly favors preliminary approval.

   c.  The consideration offered in settlement. The Court finds that the fourth factor is met because of the substantial injunctive relief provided under the AGREEMENT that benefits past, present and future LIFELOCK subscribers, which included LifeLock's assurances that it would discontinue certain practices that had been challenged by PLAINTIFFS. The AGREEMENT also specifically preserves CLASS MEMBERS' right to participate in the $11 million FTC consumer-redress program, as well as the right to opt out of the settlement and seek further recovery from LIFELOCK on an individual basis. Thus, the consideration to be provided under the AGREEMENT also favors preliminary approval.

   d.  The experience and views of counsel. Finally, regarding the sixth factor, the Court finds that settlement was reached through extensive and rigorous arms-length negotiations between the PARTIES and was not a product of collusion. Multiple written demands and offers were exchanged and rejected by the PARTIES and numerous meetings were convened among counsel before a final resolution was achieved. The proposed settlement was achieved only after, and as a result of, the settlement between LIFELOCK, the FTC, and the various States' Attorneys General. Plaintiffs' cases were, at least in part, a precipitating factor in the FTC settlement. The agreed-upon settlement terms are fair and reasonable and not a product of collusion.

  8.  All costs in connection with the identification of CLASS MEMBERS, dissemination of the class notice, and administration of this settlement shall be paid by

LIFELOCK, as set forth in the AGREEMENT. The Court hereby approves Rust Consulting, Inc. as SETTLEMENT ADMINISTRATOR.

9. The SETTLEMENT ADMINISTRATOR shall within fourteen (14) days following entry of this Order cause to be sent a notice of the settlement to each member of the SETTLEMENT CLASS by electronic mail to his or her last known e-mail address as reflected in LIFELOCK's member records. The notice shall be in the form of Attachment A to the AGREEMENT. The SETTLEMENT ADMINISTRATOR shall cause to be sent the same notice, in the form of Attachment B to the AGREEMENT, within the same time period by postcard via first class mail to any member whose e-mail address is not reflected in LIFELOCK's records. In the event that any e-mail notice is returned as undeliverable, the SETTLEMENT ADMINISTRATOR will send the same notice within five days of such return by postcard via first class mail to the last known address reflected in LIFELOCK's records. Addresses for the sending of notice by first class mail shall be updated by the SETTLEMENT ADMINISTRATOR through the National Change of Address Database maintained by the United States Postal Service prior to mailing.

10. Within fourteen (14) days of entry of this Order, the SETTLEMENT ADMINISTRATOR shall cause to be active a settlement website at www.lifelocksettlement.com. The website will remain active through the EFFECTIVE DATE. The settlement website shall contain, link to, and provide for download of each of the following: (a) the Case Description and Questions substantially in the form of Attachment C to the AGREEMENT; (b) a final and fully executed copy of this AGREEMENT; (c) the Court's Order granting preliminary approval of this AGREEMENT and conditional certification of the SETTLEMENT CLASS described herein; and (d) a final and fully executed copy of the AGREEMENT with the FTC. LIFELOCK will include on its official website at www.lifelock.com a link to the settlement website. The SETTLEMENT ADMINISTRATOR shall update the settlement website as becomes necessary to reflect current information regarding the status of the settlement. The e-mail and first class mail notice described in paragraph 8, above, shall provide the URL of the

settlement website and shall also provide directions for persons to obtain the information on and contents of the settlement website by mail or email.

11. Any member of the SETTLEMENT CLASS who wants to object to the settlement shall file with the COURT and serve on CLASS COUNSEL and LIFELOCK's COUNSEL any objections to the settlement within seventy (70) days of entry of this Order.

12. Any member of the SETTLEMENT CLASS who wants to be excluded from the SETTLEMENT CLASS shall submit a written request for exclusion that is postmarked within seventy (70) days of entry of this Order. The request shall also be mailed by first class mail to CLASS COUNSEL and LIFELOCK's COUNSEL. Any such request for exclusion shall set forth the following information to be effective: (a) the person's name and address; (b) a statement that such person is a member of the SETTLEMENT CLASS; and (c) a statement that such person is requesting exclusion from the SETTLEMENT CLASS. CLASS COUNSEL shall file with the COURT all requests for exclusion not less than ten (10) calendar days prior to the date of the final approval hearing.

13. Any member of the SETTLEMENT CLASS who does not make his or her objection known in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed SETTLEMENT.

14. Any lawyer intending to appear at the hearing on final approval of the AGREEMENT, other than attorneys already in the case or attorneys for a state or federal entity, must be authorized to represent a member of the SETTLEMENT CLASS, must be duly admitted to practice law before the United States District Court for the District of Arizona or admitted pro hac vice to appear in that court, and must file an appearance no later than twenty (20) calendar days prior to the final fairness hearing.

15. The hearing on final approval of the AGREEMENT is hereby set for August 10, 2010 at 1:30 P.M before the Honorable Mary H. Murguia in the United States District Court for the District of Arizona. The hearing on Plaintiffs' motion for attorneys' fees and

costs also will be heard on that day. Papers for these motions shall be filed and served within ten (10) calendar days prior to the date of the final approval hearing.

DATED this 15th day of April, 2010.

_____
Mary H. Murguia
United States District Judge