Mark Holscher (admitted *pro hac vice*)
mark.holscher@kirkland.com
Diana M. Torres (admitted *pro hac vice*)
diana.torres@kirkland.com
Timothy J. Muris (applying for admission *pro hac vice*)
tim.muris@kirkland.com
KIRKLAND & ELLIS LLP
333 S. Hope Street
Los Angeles, CA 90071
Tel:  213.680.8400
Fax:  213.680.4500

Mark A. Nadeau (Bar No. 011280)
mark.nadeau@dlapiper.com
Cole J. Schlabach (Bar No. 026364)
cole.schlabach@dlapiper.com
DLA PIPER LLP (US)
2525 East Camelback Road, Suite 1000
Phoenix, AZ  85016-4232
Tel:  480.606.5100
Fax:  480.606.5101

Andrew G. Berg (admitted *pro hac vice*)
berga@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street NW, Suite 1000
Washington, DC 20037
Tel:  202.331.3181
Fax:  202.3310.3101

*Counsel for Defendant LifeLock, Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>                    Plaintiff,<br><br>          v.<br><br>LifeLock, Inc., *et al.*,<br><br>                    Defendants. | CASE NO.  2:10-CV-00530-JJT<br><br>**DECLARATION OF NEIL DESWANI IN SUPPORT OF LIFELOCK, INC.'S MOTION TO SEAL FEDERAL TRADE COMMISSION MOTION FOR CONTEMPT AND SUPPORTING EXHIBITS AND PLEADINGS** |

I, Dr. Neil Daswani, hereby affirm and state as follows:

1.      I have personal knowledge of the facts set forth herein and, if called as a witness, I would and could competently testify to such facts under oath.

2.      I am the Chief Information Security Officer for LifeLock, Inc.  I have held that position since May, 2015.  From October 2008 to January 2012, I was Chief Technology Officer of a Google Ventures-backed Internet Security Company called Dasient, which was acquired by Twitter in January 2012.  At that time, I became an Engineering Manager (2012) and a Staff Security Engineer (2013) at Twitter, where I remained until joining LifeLock.  I hold Master's and Doctorate degrees in Computer Science from Stanford University, and a Bachelor's degree in Computer Science from Columbia University.

3.      As LifeLock's Chief Information Security Officer, I have studied LifeLock's information systems, the means by which LifeLock historically protected the member data stored on those systems from threats, and the means by which it presently protects that data.  LifeLock had multiple reviews of its Information Security Program ("ISP") by third parties between November 2010 and the end of 2014.  Three of those were the biannual formal Assessments that LifeLock provided to the FTC pursuant to the Stipulated Judgment entered into by LifeLock and the FTC in 2010.  Each of those Assessments found LifeLock's ISP to be compliant.  Attached hereto as Exhibits 1, 2 and 3 are true and correct copies of the third party assessments of LifeLock's ISP, conducted and submitted to the FTC in 2010, 2012 and 2014.  The company's records show no objection from the FTC.

4.      LifeLock, like many other companies, keeps information about its servers, networks, software, data security, and Information Security Program confidential.  Keeping this information confidential is important because hackers and identity thieves can use it to try to identify potential weaknesses, methods, patterns, firewalls, and other processes that they could exploit in a potential cyber-attack on LifeLock's security system.

5.      I have reviewed the FTC's Memorandum In Support of Its Motion for Contempt, as well as the exhibits to that Motion that were lodged by the FTC.  These documents contain precisely the type of information that LifeLock keeps confidential because it could provide valuable

information to hackers and identity thieves.  I am very concerned that disclosure of the details contained in those documents, which include discussions of LifeLock's systems and the ways in which LifeLock secures its data, would risk LifeLock's ability to keep its network secure, safeguard consumer information, and alert consumers of future risks. ██████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████

6.      Prior to the FTC's decision to file its Motion, I assisted in gathering information to demonstrate LifeLock's Information Security Program.  In doing so, I attempted to address what appeared to be misunderstandings on the part of the FTC staff.  While a few misunderstandings were addressed, the FTC still failed to consider LifeLock's Information Security Program in a holistic fashion, focusing only on some aspects and made incorrect allegations regarding LifeLock's Information Security Program as the FTC's Motion makes allegations that are inconsistent with information provided.  Although those allegations pertain to past practices, to explain to the Court why the FTC's assertions are incorrect, LifeLock will have to put the documents upon which the FTC relies into context.  Doing so will necessarily require LifeLock to explain not only LifeLock's past practices, but also how those practices have naturally evolved over time—not because they were ineffective, but because of the natural progression of the organization.

7.      ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

8.

9.

1    I declare under penalty of perjury that the foregoing is true and correct.

2    Executed on this 17th day of August 2015, in Mountain View, California.

4    By: _____

5                                Neil Daswani

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2015 a true and correct copy of the

DECLARATION OF NEIL DESWANI IN SUPPORT OF LIFELOCK, INC.'S MOTION

TO SEAL FEDERAL TRADE COMMISSION MOTION FOR CONTEMPT AND

SUPPORTING EXHIBITS AND PLEADINGS was filed electronically with this

Court.  Notice of this filing will be sent by operation of the Court's electronic filing system

to all parties indicated on the electronic filing receipt.  Parties may access the public version

of this filing through the Court's system.  To the extent a confidential version of this filing

has been lodged under seal with the Court, I have electronically served copies of the

confidential version of this filing to the following individuals via secure file transfer

protocol:

> Gregory Madden
> Susan Pope
> Hong Park
> Elisa Jillson
> Federal Trade Commission
> 600 Pennsylvania Ave., N.W.
> Washington, D.C. 20580

By:   s/ Diana M. Torres